**Mirela Disha XHELLIMA, Armando Xhellima, & Zija Xhellima Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.**

**Nos. 04–2249–AG (L), 04–2250–AG (CON).**

United States Court of Appeals, Second Circuit.

Jan. 19, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for for-

Laura N. Jasinsky, Stamford, Connecticut, for Petitioner.

G.F. Peterman III, Acting United States Attorney for the Middle District of Georgia, Dean S. Daskal, Assistant United States Attorney, Columbus, Georgia, for Respondent.

·PRESENT: Hon. ROGER J. MINER, Hon. DENNIS JACOBS, and Hon. RICHARD C. WESLEY, Circuit Judges.

mer Attorney General John Ashcroft as the

## SUMMARY ORDER

Petitioners, Zija Xhellima, Mirela Disha Xhellima, and Armando Xhellima, petition for review of the April 2004 order of the BIA affirming the order of an immigration judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Familiarity with the facts and the procedural history of the case is presumed.

This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

In this case, substantial evidence in the record supported the IJ's finding that Zija's testimony lacked credibility. The inconsistencies pointed out by the IJ were supported by the record, including inconsistencies between Zija's testimony and his application with respect to key details such as where and when he was arrested for his involvement in a protest on September 14, 1998, and his allegations of his own political activities in light of his statement that it was common for political activists to be fired from their jobs in the military. Moreover, the IJ's rejection of Zija's undated documents was supported by the record, given the State Department Profile's remark that forged documents were common and medical documents "rarely reliable." The IJ may have been overexacting as to the translation of the medical report. However, this does not undermine the correctness of the IJ's point that the document was clearly not a medical

respondent in this case.

record, and that it was undated. Thus, the IJ was free to accord the document little weight.

The Xhellimas contend that the IJ improperly focused on the documentation of Zija's membership in the democratic party and his failure to mention his hospitalization in his application. However, the IJ stated that the documentation was a minor point. The hospitalization following the alleged beating in September 1998 is not an insignificant detail, as the Xhellimas suggest—indeed, the allegation that Zija spent four days in intensive care following a beating by the police would have been a significant indicator of the severity of the beating, and thus very relevant to his allegation that he had suffered past persecution.

Because Zija's testimony lacked credibility with respect to both his past persecution and his objective fear of future persecution, the IJ properly found that he was ineligible for asylum or withholding of removal. Additionally, the IJ's finding that he lacked credibility with respect to his CAT claim was supported by substantial evidence.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).